| Kwai Hwa Yang v Governor's Off. of Storm Recovery |
|:---:|
| 2024 NY Slip Op 31349(U) |
| April 17, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160090/2020 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARLENE P. BLUTH**      PART      **14**

*Justice*

-----------------------------------------------------------------------------X

KWAI HWA YANG,

                 Petitioner,

                 - v -

GOVERNOR'S OFFICE OF STORM RECOVERY, NY
RISING RECONCILIATION & REPAYMENT UNIT,
HOUSING TRUST FUND CORPORATION

                 Respondents.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160090/2020 |
| MOTION DATE | 04/17/2024[1] |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33

were read on their motion to/for           ARTICLE 78           .

The petition for an order annulling respondents' determination that petitioner pay back

monies received from respondents is granted.

**Background**

Petitioner owns a property in Ronkonkoma that contains three single family

homes/cottages. She insists that each of these structures were severely damaged due to

Superstorm Sandy in October 2012. Petitioner applied for aid from the New York Rising

program to help pay for these repairs and received over $40,000 from respondents. She claims

that at the time of her application, she was in litigation with the town of Brookhaven about the

safety of these buildings; petitioner contends that litigation eventually settled without requiring

her to demolish those structures.

---

[1] The Court recognizes that this proceeding has been pending for years, although it was only assigned to the undersigned last night. The Court apologizes, on behalf of the Court system, for the lengthy delay in the resolution of this proceeding.

**160090/2020 YANG, KWAI HWA vs. GOVERNOR'S OFFICE OF STORM**
**Motion No. 001**

**Page 1 of 8**

1 of 8

Petitioner alleges that during her case, someone from the town contacted the New York Rising program and told respondents that the damage to these homes was not caused by Superstorm Sandy. She insists that the town eventually told her that it relied upon an engineering report, which noted that the properties were not maintained and were boarded up by the town. Petitioner contends that this report was prepared four years after Superstorm Sandy. She contends that there is no proof, other than hearsay, to show that the damage to her cottages was not caused by Superstorm Sandy and she should not have pay back the money she received from respondents.

In opposition[2], respondents explain that petitioner applied for funding in April 2017. They observe that they approved petitioner's application and that she signed a grant agreement in April 2017 and a second agreement in August 2017. Respondents contend that an inspector for the Town of Brookhaven inspected the property on June 16, 2016 and found that there were significant building code violations and dangerous conditions. They insist that the three structures at issue were abandoned. The report concluded that the buildings should be "demolished if it cannot be reasonably repaired to remove all the noted violations" (NYSCEF Doc. No. 21 at 9).

Respondents contend that this report did not assert that the damage to the property was due to a storm-related event. They argue that Brookhaven ordered that the structures be demolished. Respondents allege that they met with petitioner on September 26, 2017 and that petitioner claimed she was not able to get a letter "proving storm damage from the Town of

---

[2] The Court observes that respondent did not answer or move to dismiss (they simply filed opposition papers), although they did include a proposed answer (NYSCEF Doc. No. 28) as part of their papers. The Court will therefore consider this proceeding on the merits as a fully briefed proceeding.

**160090/2020   YANG, KWAI HWA vs. GOVERNOR'S OFFICE OF STORM**
**Motion No.  001**

**Page 2 of 8**

2 of 8

[* 2]

Brookhaven" and that her "file will be deemed ineligible without a substantial damage letter" (NYSCEF Doc. No. 17 at 10).

On December 8, 2017, respondents sent petitioner a letter noting that she was ineligible for the program because "Our records indicate that the damage to the property for which you applied was not caused by any of the qualifying storms (Sandy, Irene, or Lee)" and that she needed to "Please provide written evidence that the damage to your property was caused by a qualifying storm" (NYSCEF Doc. No. 23). In its opposition, respondents also argue that petitioner "failed to file a claim a [sic] homeowner's insurance" although the aforementioned December 2017 letter does not mention insurance at all. They also acknowledge that someone from the Town of Brookhaven contacted them and asserted that the damage was not caused by Superstorm Sandy.

 Respondents acknowledge that petitioner submitted a report from an engineer dated May 15, 2017 that determined that the damage was caused by Sandy but they claim the Court should ignore this report as it was not supported with persuasive evidence. They insist that the decision to demand that petitioner pay back the funds she received was not irrational and that the report of the inspector hired by the Town of Brookhaven shows that the property was in disrepair prior to Superstorm Sandy.

In reply, petitioner argues that respondents demanded that she return the money based on unsupported claims from someone employed by the Town of Brookhaven and so these assertions should be disregarded.

**Discussion**

"It is a long-standing, well-established standard that the judicial review of an administrative determination is limited to whether such determination was arbitrary or capricious

**160090/2020   YANG, KWAI HWA vs. GOVERNOR'S OFFICE OF STORM**
  **Motion No.  001**

**Page 3 of 8**

3 of 8

or without a rational basis in the administrative record and once it has been determined that an agency's conclusion has a sound basis in reason, the judicial function is at an end. Indeed, the determination of an agency, acting pursuant to its authority and within the orbit of its expertise, is entitled to deference and even if different conclusions could be reached as a result of conflicting evidence, a court may not substitute its judgment for that of the agency when the agency's determination is supported by the record" (*Partnership 92 LP v State Div. of Hous. and Community Renewal*, 46 AD3d 425, 428-29 [1st Dept 2007], *affd* 11 NY3d 859 [2008] [internal quotations and citations omitted]).

The rationality analysis described above requires this Court to consider whether it was rational for respondents to demand petitioner pay back the money that they had previously granted to her. There is no dispute that petitioner applied for funding, submitted whatever was required, and respondents approved that funding. In fact, petitioner executed *two* grant agreements (one in April 2017 and the other in August 2017) with respondents (NYSCEF Doc. Nos. 19 and 20). Petitioner ended up receiving over $40,000 from respondents.

Respondents then admit that someone from the Town of Brookhaven insisted that the damage to this property occurred prior to Superstorm Sandy. However, the Court observes that respondents did not conduct their own inspection of the property in 2017 to assess these new allegations; rather, it seems they just adopted the Town of Brookhaven's position. Respondents rely heavily on an engineering report that references an inspection from June 2016 (NYSCEF Doc. No. 21). This inspection was seemingly conducted on behalf of the town to inspect the properties for code violations. There is no reference in this report to Superstorm Sandy nor are there any conclusions about whether or not Superstorm Sandy caused any of the damage observed. And, of course, this inspection took place years after Sandy.

**160090/2020   YANG, KWAI HWA vs. GOVERNOR'S OFFICE OF STORM**
**Motion No.  001**

**Page 4 of 8**

4 of 8

And yet, respondents cite this report as proof that Superstorm Sandy did not cause any damage to the property. That is a wholly conclusory and irrational position. Moreover, respondents (through the affidavit of Mr. Lozito) argue that they relied on photographs from 2011 through 2014 "which indicated that the Property was not damaged by Superstorm Sandy" (NYSCEF Doc. No. 18, ¶ 36). However, there was no citation to these photographs in this affidavit and so the Court must assume that they were not included in this record (petitioner claims she never saw them). A vague and conclusory reference to photographs from before *and after* Superstorm Sandy does not constitute a basis to find that petitioner should have to repay money already distributed by respondents.

The Court observes that respondents also requested that petitioner obtain a substantial damage letter from the Town of Brookhaven and her failure to do so also justifies its decision to demand a refund. However, respondents did not cite any basis for why obtaining this letter was suddenly required or even a citation defining such a letter. The Court observes that the failure to obtain a substantial damage letter is not mentioned in either of the two grant agreements, in the letter demanding the refund or in the denial of petitioner's first appeal.

This phrase is mentioned in a January 2020 appeal decision although, once again, there is no citation for what is meant by "substantial damage letter." A review of the manual for the program contains a definition for substantial damage: "Occurs when a property sustains damages that equals or exceeds 50 percent of its Fair Market Value (FMV) prior to the event, as determined by a local authorized official (e.g., a code officer) and is sent a Substantial Damage Letter" (NYSCEF Doc. No. 22 at 53). The letter is mentioned as a requirement for a property to be reclassified from a repair award to a reconstruction award (*id*. at 32) and is also discussed as part of a "demonstrable hardship request" (*id*. at 38). But nowhere in respondents' papers did it

**160090/2020   YANG, KWAI HWA vs. GOVERNOR'S OFFICE OF STORM**
**Motion No.  001**

**Page 5 of 8**

5 of 8

[* 5]

justify why it required petitioner to obtain a "substantial damage letter" in this situation (after they had already awarded petitioner money) and this Court is unable to speculate. Of course, given the fact that petitioner was in litigation with the Town of Brookhaven, it raises questions about demanding that petitioner obtain such a letter from an adversary in an ongoing dispute.

Respondents also emphasize that the Town of Brookhaven issued a violation notice to petitioner and boarded up the homes on November 26, 2013 (NYSCEF Doc. No. 10), but that too happened more than a year after Superstorm Sandy.

It appears respondents did do their own inspection of the property in 2016, before they awarded the money, and noted that there was storm debris (NYSCEF Doc. No. 27). Most critically this inspection contained an estimate for repairs and stated that "All items not included in the estimate are not considered to be storm related" (*id*. at 2-3). This, of course, means that the items that *were* included as part of the estimate *were* storm related. So, in 2016, respondents clearly believed that the property had been damaged by Superstorm Sandy and generated estimates for the needed repairs.

Also justifying the Court's determination is that petitioner submitted her own engineer's report from May 2017, which concluded that the damage was caused by Superstorm Sandy (NYSCEF Doc. No. 4 at 1). Although respondents contend that this determination should be ignored, they did not submit their own report to contest or address these findings. Instead, they point to the aforementioned 2016 report about building code violations that is entirely silent on the impact of Superstorm Sandy on the property.

**Summary**

The bizarre and unexplained turnabout by respondents compels the Court to grant the instant petition. Respondents inspected petitioner's property in 2016 and noted that there was

**160090/2020   YANG, KWAI HWA vs. GOVERNOR'S OFFICE OF STORM**
**Motion No.  001**

Page 6 of 8

6 of 8

[* 6]

storm debris; they later granted petitioner's application for funding and gave petitioner over $40,000. Only after someone from the Town of Brookhaven complained did respondents suddenly change positions and demand the money back.

But the record does not justify that change. Nothing submitted suggests a rational basis to conclude that the damage to petitioner's property was unrelated to Superstorm Sandy. All of the inspections took place after Superstorm Sandy; in fact, the only reference to anything prior to the storm (i.e., prior to 2012) are photographs from 2011 to 2014. But these photographs were apparently not submitted nor did respondents explain how they justify the conclusion that the properties sustained no damage from Sandy.

The procedural circumstances justify granting the petition as well. This is not a situation in which petitioner's initial application was denied and petitioner demands the funds in the first instance. Here, respondents granted petitioner's application and now demand the money back. Once the money was distributed, more was required from respondents in order to justify that about-face. Simply relying upon a "tip" from an employee from the Town of Brookhaven is not sufficient.

The Court is well aware that the buildings on the property were not in great condition; petitioner admitted in an email that there was a judge's order from 2010 to have tenants vacate the property (NYSCEF Doc. No. 6 at 3). But simply because the three cottages may have been in some state of disrepair does not mean that they did not suffer any damage from Superstorm Sandy. And respondents did not justify the rationality of their conclusion that the damage was wholly unrelated to Sandy—they appear to have just adopted the local municipality's assessment without conducting their own independent investigation of these allegations. Nor did they

**160090/2020   YANG, KWAI HWA vs. GOVERNOR'S OFFICE OF STORM**
  **Motion No.  001**

**Page 7 of 8**

7 of 8

[* 7]

explain why they gave money to petitioner in the first place despite conducting their own evaluation in 2016.

Here, respondent went against its own initial judgment and the findings of its own inspector after receiving a hearsay "tip" from a litigation adversary of petitioner. And it demanded the money back, not by looking into it after receiving the tip, but by abandoning its own judgment and just going along with those conclusory and unsupported accusations. That is not rational.

Accordingly, it is hereby

ADJUDGED that the petition is granted and respondents' determination requiring that petitioner pay back the funds she received is vacated and annulled, and petitioner is entitled to costs and disbursements upon presentation of proper papers to the County Clerk.

| 4/17/2024 | | | |
|---|---|---|---|
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** | |
| **CHECK ONE:** | X CASE DISPOSED | NON-FINAL DISPOSITION | |
| | X GRANTED | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | SETTLE ORDER | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | INCLUDES TRANSFER/REASSIGN | FIDUCIARY APPOINTMENT | REFERENCE |

**160090/2020   YANG, KWAI HWA vs. GOVERNOR'S OFFICE OF STORM
Motion No.  001**

**Page 8 of 8**